# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06cv1304 DMS (LSP) |
|---|---|
| Plaintiff, | **ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS** |
| vs. | |
| CESAR HUMBERTO DELGADO-TORRES, | |
| Defendant. | |

This matter comes before the Court on the Petition for Writ of Error Coram Nobis filed by Petitioner Cesar Humberto Delgado-Torres on June 19, 2006. After receiving an extension of time from the Court, the United States filed a Response to the Petition on September 1, 2006. Petitioner filed a Reply on September 27, 2006. After reviewing the parties' briefs and the record before the Court, the Court requested that the United States submit a copy of Petitioner's A-File. The United States submitted the A-File for in camera review on November 13, 2006. For the reasons set out below, the Court denies the Petition.

## I.
## BACKGROUND

Petitioner is a fifty-seven year old male who is currently living and working in the State of California. He is married to a United States citizen and they have one child who is also a United States citizen. On June 26, 2001, Petitioner submitted an Application to Register Permanent Resident or Adjust Status with the United States Department of Justice, Immigration and Naturalization Service

1  ("I.N.S."). On February 11, 2005, the United States Department of Homeland Security, Citizenship
2  and Immigration Services, sent Petitioner a Notice of Intent to Deny his application. The Department
3  of Homeland Security ("D.H.S.") thereafter denied Petitioner's application on June 27, 2005.
4  Petitioner's application was denied because of a 1972 conviction for possession of a controlled
5  substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

6  Petitioner's conviction was entered in this Court on December 13, 1972. Due to the age of the
7  conviction, the only record of Petitioner's case is a two-page docketing sheet. (*See* Govt's Response,
8  Ex. 3.) The docketing sheet reflects Petitioner was charged with the possession count identified
9  above, as well as conspiracy to possess a controlled substance with intent to distribute. (*Id.*)
10 Petitioner pled guilty to the possession count and the conspiracy count was dismissed. (*Id.*) The
11 Court thereafter sentenced Petitioner to a prison term of one year and one day. (*Id.*) Petitioner served
12 approximately nine months at the United States Penitentiary in Lompoc, California.

13 Petitioner claims he pled guilty to the possession count based on the advice of his court-
14 appointed counsel, James McCabe. Petitioner asserts he asked McCabe if there would be any
15 immigration consequences from a guilty plea, to which McCabe responded that Petitioner would be
16 denied entry into the United States for five years.

17 Petitioner returned to the United States in the late 1970s. In 1987, after Congress passed the
18 Immigration Reform and Control Act of 1986, Petitioner applied for an adjustment of his immigrant
19 status to that of a temporary resident. The I.N.S. denied Petitioner's application due to his 1972
20 conviction. Petitioner appealed that decision, but his appeal was denied in 1989. It is unclear whether
21 Petitioner ever received notice that his appeal was denied.

## II.

## DISCUSSION

24 "The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has
25 served his sentence and is no longer in custody." *Estate of McKinney By and Through McKinney v.*
26 *United States*, 71 F.3d 779, 781 (9th Cir. 1995) (citing *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th
27 Cir. 1994)). To qualify for coram nobis relief, a petitioner must show: "(1) a more usual remedy is
28 not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences

1  exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and
2  (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604
3  (9th Cir. 1987). Petitioner asserts he has met these requirements in this case. Respondent does not
4  dispute Petitioner has met the first and third requirements, but does dispute Petitioner has met the
5  second and fourth requirements.

6  The second requirement for issuance of a writ of error coram nobis is that the petitioner
7  demonstrate sound or valid reasons for failing to seek relief earlier. *United States v. Kwan*, 407 F.3d
8  1005, 1012 (9th Cir. 2005). In *Kwan*, the Ninth Circuit explained, "[w]hile courts have not elaborated
9  on what constitutes a 'sound' reason, our review of coram nobis cases reveals that courts have denied
10 relief on this ground where the petitioner has delayed for no reason whatsoever, where the respondent
11 demonstrates prejudice, or where the petitioner appears to be abusing the writ." *Id.* at 1013.

12 Here, Petitioner presents two reasons for his delay in seeking relief. First, he asserts he was
13 relying on McCabe's advice that the only immigration consequence of his guilty plea would be his
14 inadmissibility from the United States for five years following his conviction. Second, Petitioner
15 states he was unaware of the actual consequences of his conviction until he received notice from the
16 D.H.S. that his most recent application for adjustment of status was denied.

17 Although these reasons appear sound and valid on their face, the evidence before the Court
18 demonstrates otherwise. As set out above, Petitioner first applied for an adjustment of status in 1987.
19 That application was denied in 1988 because of Petitioner's 1972 conviction. Petitioner received
20 notice of that denial and the reason therefor, as evidenced by his appeal of that decision in 1988. It
21 is unclear from the evidence whether Petitioner ever received notice of the denial of his appeal, but
22 even assuming he did not receive notice, once he received the denial of his initial application, it was
23 no longer reasonable for Petitioner to rely upon McCabe's advice concerning the immigration
24 consequences of his guilty plea.

25 Furthermore, the government has shown prejudice as a result of Petitioner's delay in seeking
26 relief. Although prejudice does not bear upon the validity of a petitioner's reason for delay, it is an
27 element of the defense of laches, which applies to petitions for writ of error coram nobis, *see Telink,*
28 / / /

1 *Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994), and is asserted by the government in this case.
2 To prevail on a laches defense,

> the government must make a prima facie showing of prejudice as a result of [the petitioner's] delay. If the government meets that burden, the burden of production of evidence then shifts to the petitioners to show either that the government actually was not prejudiced or that the petitioner exercised reasonable diligence in filing the claim.

*Id.* at 47.

In this case, the government has satisfied its burden of showing prejudice. In the nearly thirty-four years since Petitioner's conviction, the records of the court and the United States attorney have been destroyed. The identity of the prosecutor that handled Petitioner's case is unknown, and, not surprisingly, McCabe's memory of Petitioner's case has faded. All of these facts have affected the government's ability to respond to the merits of the present Petition, and there is no dispute that a new trial would be "impossible." (Pet. at 12.) Petitioner attempts to avoid the laches defense by asserting he exercised reasonable diligence in filing the present case, but the facts set out above belie that assertion.

In sum, Petitioner has not shown either sound or valid reasons for the delay in seeking the relief requested in the present Petition. When combined with the prejudice demonstrated by the government, Petitioner is not entitled to the relief he seeks.[1]

### III.

### CONCLUSION AND ORDER

For these reasons, the Court denies the Petition for Writ of Error Coram Nobis. The Clerk of Court shall terminate this case.

**IT IS SO ORDERED**.

DATED: November 21, 2006

DANA M. SABRAW
United States District Judge

---

[1] Because Petitioner has not met the second requirement, the Court declines to address whether Petitioner received ineffective assistance of counsel.